# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:08CV148-RLV-DSC

| | |
|---|---|
| THERESE L. SHOOK,  )<br>   Plaintiff, )<br>       )<br> vs.    )<br>       )<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>   Defendant.   <br>       ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #7) and "Brief Supporting ..." (document #8), both filed August 14, 2009; and the Defendant's "Motion for Summary Judgment" (document #9) and "Memorandum in Support of the Commissioner's Decision" (document #10), both filed September 11, 2009. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. PROCEDURAL HISTORY

On July 28, 2003, Plaintiff filed an application for a period of disability, Social Security disability benefits ("DIB"), and Supplemental Security Income benefits ("SSI"), alleging she was

unable to work as of May 15, 2000[1] due to "anemia, low B-12, due to several years of severe stomach problems, [and] osteoarthritis that caused deteriorating disc." (Tr. 79). Plaintiff's claim was denied initially and upon reconsideration.

Plaintiff filed a timely Request for Hearing, and on August 24, 2006 a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated January 11, 2007, the ALJ denied Plaintiff's claim, finding that Plaintiff had not engaged in substantial gainful activity through her date last insured; that Plaintiff suffered from anemia, a vitamin B-12 deficiency, and degenerative disc disease of the cervical spine, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; that Plaintiff's "abdominal pain" was not a severe impairment; that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform the full range of medium work[3]; that Plaintiff was 46 years-old with an 11th grade education and was literate; and considering Plaintiff's age, education, work experience, and RFC, that Medical-Vocational Rule 203.26 and/or Rule 203.27 mandated a finding of "not disabled."

---

[1] In order to qualify for Social Security Disability Insurance benefits, an individual must become disabled during the period under which she is insured by the program. 20 C.F.R. § 404.131 (2009); Johnson v. Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005). In the present case, Plaintiff had to establish disability on or before September 30, 2002. (Tr. 19).

[2] The Social Security Regulations define "residual functional capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3] "Medium" work is defined in 20 C.F.R. § 404.1567(c) as follows:

> Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

On January 25, 2007, Plaintiff filed her Request for Review by the Appeals Council and submitted medical records from September 2006 for the Appeals Council's consideration.

By notice dated October 30, 2008, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on December 22, 2008. On appeal, Plaintiff contends only that "new and material medical evidence establishes that the [ALJ] erred ... by finding that Plaintiff's abdominal pain is not a severe impairment." Plaintiff's "Motion for Summary Judgment" at 1 (document #7). Notably, Plaintiff does not assign error to any of the ALJ's other factual or legal conclusions, including his determination of Plaintiff's residual functional capacity ("RFC") and his ultimate conclusion that Plaintiff was not disabled. Instead, Plaintiff contends these "new" medical records, discussed below, provide a basis under sentence six of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to remand for further administrative proceedings. The parties' cross dispositive motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v.

3

Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

Fourth Circuit precedent dictates that a district court cannot consider evidence which was not presented to the ALJ. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996), citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-715 (1963). Reviewing courts are restricted to the administrative record when determining whether the decision of the ALJ is supported by substantial

4

evidence. Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991), citing Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972).

In order for a reviewing court to remand a case to the Commissioner for the consideration of additional evidence, the evidence must be new, material, and there must be good cause for failing to present the evidence earlier. See 42 U.S.C. § 405(g); Wilkins, 953 F.2d at 95-96; and Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir.1990).

For these purposes, evidence is "new" if it is relevant to the determination of disability at the time the application was filed and not merely cumulative or duplicative. Wilkins, 953 F.2d at 96, citing Williams, 905 F.2d at 216.

For evidence to be considered "material," it must be shown that there is a reasonable possibility that the additional evidence would have changed the outcome of the decision. Wilkins, 953 F.2d at 96, citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir. 1985).

Lastly, Plaintiff must exhibit good cause for failing to present the evidence earlier. Melkonyan v. Sullivan, 501 U.S. 89, 100 (1991). While the Fourth Circuit has not made a specific finding as to what constitutes "good cause," other circuits have ruled that, to establish the existence of "good cause," a plaintiff must show that the additional information was not available to him until after the conclusion of the administrative proceedings. See, e.g., Geigle v. Sullivan, 961 F.2d 1395, 1396 (8th Cir. 1992); and Waite v. Bowen, 819 F.2d 1356, 1361-1362 (7th Cir. 1987).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether the Plaintiff became "disabled" as that term of art

is defined for Social Security purposes at any time prior her date last insured, September 30, 2002.[4] It is not enough for a claimant to show that she suffered from severe medical conditions or impairments which later became disabling. The subject medical conditions must have become disabling prior to the date last insured. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971) (no "manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

Plaintiff contends that medical records dated November 7, 2005, November 21, 2005, December 13, 2005, December 30, 2005, January 27, 2006, May 29, 2006, September 14, 2006, September 22, 2006, January 29, 2007 and February 7, 2007, are "new and material" evidence warranting remand for a new hearing. As the Defendant points out in his brief, however, the records from November 7, 2005 through May 29, 2006 were included in the administrative record that the ALJ considered, and the records dated September 14 and 22, 2006 were considered by the Appeals Council. Accordingly, none of those records are "new" for the purposes of Plaintiff's present appeal. Wilkins, 953 F.2d at 96 (evidence is "new" if it is relevant to the determination of disability at the time the application was filed and not merely cumulative or duplicative), citing Williams, 905 F.2d at 216.

Although the final two records – dated January 29, 2007 and February 7, 2007 – were not considered during any part of the administrative process, Plaintiff has failed to show that they are material, that is, that there is a reasonable possibility that if the ALJ had considered these records, he would have found Plaintiff disabled. Wilkins, 953 F.2d at 96 (plaintiff must show reasonable possibility

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

that additional evidence would have changed the outcome), citing Borders, 777 F.2d at 956. The January 29, 2007 note shows that following a September 22, 2006 surgical repair of an umbilical hernia, Plaintiff presented with an incisional hernia.. On February 7, 2007, Plaintiff underwent surgical repair of the incisional hernia.

At most, these records merely demonstrate the worsening of Plaintiff's condition and are not, therefore, material to the determination of whether she was disabled at the time of the Commissioner's decision. Barnard v. Secretary of Health and Human Services, 515 F.Supp. 690, 694 (D. Md. 1981). This is particularly true where Plaintiff had the burden to demonstrate that she was disabled no later than September 30, 2002 – nearly five years earlier. Harrah, 446 F.2d at 2 (no "manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

The undersigned concludes that there is no basis for remand for consideration of new evidence and that, as Plaintiff concedes, the ALJ's decision that she was not disabled is otherwise supported by substantial evidence.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #7) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #9) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: September 15, 2009

David S. Cayer
United States Magistrate Judge