IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:08-CV-148

| | |
|---|---|
| THERESE L. SHOOK, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner, )<br>Social Security Administration, )<br>      Defendant. )<br>_____ ) | MEMORANDUM AND ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Document #7), filed on August 14, 2009; Defendant's "Motion for Summary Judgment" (Document #9), filed on September 11, 2009; Plaintiff's "Objections to the Recommendation of the Magistrate Judge" (Document #12), filed on October 2, 2009; and Defendant's "Motion to Alter Judgment" (Document #13), filed on October 8, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of designation, this Court referred the aforesaid motions to United States Magistrate Judge David Cayer for recommended disposition. In an opinion filed on September 15, 2009, the Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the Commissioner's decision be affirmed. (Document #11) On October 2, 2009, Plaintiff filed "Objections to the Recommendation of the Magistrate Judge." (Document #13) Plaintiff puts forward one objection to the recommendation of the magistrate judge, which this court deems to be timely.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural history of this case; thus, the Court adopts the facts as set forth in the "Memorandum and Recommendation." (Document #11)

## STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1) (2000); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). On its face, however, the statute does not require review of any issues that are not the subject of an objection. Camby, 718 F.2d at 200; Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, a district judge is responsible for the final determination and outcome of the case. Accordingly, the Court has carefully reviewed the remainder of the Magistrate Judge's "Memorandum and Recommendation" ("M&R"), in addition to conducting a *de novo* review of the issues specifically addressed in Plaintiff's objections.

The Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), limits the Court's review of the Commissioner's decision to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind

2

might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Ultimately, it is not the Court's responsibility "to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if [the] decision is supported by substantial evidence." Id. (concluding that it is the duty of the administrative law judge, and not the courts, to make findings of fact and to resolve conflicts in the evidence).

## DISCUSSION

In response to the Magistrate Judge's opinion, Plaintiff requests that the Court reject the Magistrate Judge's Recommendation and grant Plaintiff's Motion for Summary Judgment. Her request is based upon a sole objection to the recommendation of the magistrate judge. Plaintiff contends that the magistrate judge erred when he found there is no basis for remand of the administrative law judge's decision for consideration of new and material evidence. At the summary judgment stage, Plaintiff asserted that there were nine medical records that constituted "new and material evidence." After summary judgment was granted in favor of Defendant, Plaintiff objected to the magistrate judge's finding that two of the records - dated January 29, 2007 and February 7, 2007 - did not constitute "new and material evidence."

**A. New and Material Evidence Rule**

In order for a reviewing court under 42 U.S.C. § 405(g) to remand a case due to the submission of new and additional evidence, Plaintiff must show that the evidence is new and material, and that there was good cause for her failure to enter that evidence into the record of the prior proceeding. Wilkins v. Secretary of Health and Human Services, 953 F.2d 93, 96 n.3 (4th Cir. 1991). Evidence is considered "new" if it is relevant to the determination of a disability

3

at the time the application was filed and not merely cumulative or duplicative. Wilkins, 953 F.2d at 96. A plaintiff must also show that the new evidence is "material" in that there must be a reasonable possibility that the new evidence would have changed the outcome of the decision. Id. Finally, a plaintiff must show good cause for failing to present the evidence earlier. Mekonyan v. Sullivan, 501 U.S. 89, 100 (1991).

Plaintiff objects to the magistrate judge's finding that there is no basis for remand. In her brief supporting her motion for summary judgment (Document #8), Plaintiff argued that the decision should be remanded for consideration of new and material evidence. In support of this argument, Plaintiff submitted medical records dated November 7, 2005, November 21, 2005, December 13, 2005, January 27, 2006, May 29, 2006, September 14, 2006, September 22, 2006, January 29, 2007 and February 7, 2007. Plaintiff contends that these medical records constitute "new and material evidence" that would have changed the ALJ's evaluation of the severity of Plaintiff's chronic abdominal pain, had the evidence been available at the hearing.

Such an argument fails, however, because the medical records from November 7, 2005, November 21, 2005, December 13, 2005, December 30, 2005 January 27, 2006, and May 29, 2006 were in the record before the ALJ and, as such, cannot constitute new evidence. Wilkins, 953 F.2d at 96 (citations omitted). Furthermore, the records from September 14, 2006 and September 22, 2006 also cannot be considered "new" because they were submitted and considered by the Appeals Council. Id. (evidence considered "new" if it is relevant to the determination of disability at the time the application was filed and not merely cumulative or duplicative) (citations omitted). As such, the medical records from November 7, 2005 through September 22, 2006 are not "new" and therefore cannot not serve as a basis for remand.

4

The final two medical records - dated January 29, 2007 and February 7, 2007 - were not considered during any part of the administrative process. Therefore, these records constitute "new" evidence. See e.g., 42 U.S.C. § 405(g); Wilkins, 953 F.2d at 96. It cannot be said, however, that these medical records are also "material."

Plaintiff claims that the magistrate judge erred when he stated that the January 29, 2007 and February 7, 2007 records were not material because "they merely demonstrate a worsening of plaintiff's medical condition" and they were generated almost five years after Plaintiff's last insured for disability insurance benefits. (Document #11.) Similarly, Plaintiff contends it was error for the magistrate judge to assert that "Plaintiff had the burden to demonstrate that she was disabled not later than September 30, 2002." (Document #11.) Plaintiff claims these and similar statements in the magistrate judge's opinion are error because, although they were true for Plaintiff's disability claim, such a burden need not be met for the application plaintiff filed for supplemental security income benefits. The Commissioner agreed with Plaintiff on this point, and filed a motion for partial relief from the magistrate's decision. (Document #14.) This court agrees that imposing such a burden on the plaintiff for purposes of her supplemental security income benefits claim was error. Nonetheless, for the reasons articulated below, and because the records at issue do not meet the materiality prong, such an error does not require reversal.

The medical records presented by Plaintiff are not material because there is not "a reasonable possibility that the new evidence would have changed the outcome" in this case. McAbee v. Halter, 21 Fed. Appx. 126 (4th Cir. 2001). The medical records presented by Plaintiff fail the "material" standard because they do not contain objective findings that demonstrate any lasting restrictions to her residual functional capacity. See McAbee v. Halter,

21 Fed. Appx. 126, 129 (4th Cir. 2001) (new evidence must not only provide an objective medical basis for problem but must also be sufficient, in light of the record, to alter the ALJ's determination as to "the effect of pain on a claimant's ability to function"). Instead, these records at most establish a possible worsening of Plaintiff's condition. Since the medical records are not "material" evidence, this court denies Plaintiff's request to remand for a consideration of additional evidence.

## CONCLUSION

Having conducted a *de novo* review of Plaintiff's specific objections, as well as a careful review of all other aspects of the recommendation, the Court concurs with the findings of fact and conclusions of law as set forth in the Magistrate Judge's "Memorandum and Recommendation" filed on September 15, 2009, with the exception of the finding that the plaintiff was required to establish disability on or before September 30, 2002 for purposes of her SSI application. This Court hereby incorporates all other findings and conclusions to the extent that they are consistent with the findings of this Order. The Court hereby grants Defendant's Motion for Summary Judgment, grants Defendant's motion for partial relief from judgment, and denies Plaintiff's Motion for Summary Judgment and Defendant's Objections to the Ruling of the Magistrate Judge. Accordingly, the Commissioner's decision denying benefits shall be <u>affirmed</u>.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Document #9) and Motion for Partial Relief from Judgment (Document #13) are hereby **GRANTED** and Plaintiff's Motion for Summary Judgment (Document #7) and Objections to the Recommendations of the Magistrate Judge (Document #12) are hereby **DENIED**.

Signed: November 19, 2010

Richard L. Voorhees
United States District Judge